FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA.

2023 NOV 30  P 2:46
CAROL L. ...

**SEALED**  UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA



INDICTMENT FOR VIOLATIONS OF
THE FEDERAL CONTROLLED SUBSTANCES ACT AND
MAKING FALSE STATEMENTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. **23-260** |
| v. | * | SECTION: **SECT. T MAG. 2** |
| DEQUARIUS HAMLER | * | VIOLATIONS: 21 U.S.C. § 846 |
| | * | 21 U.S.C. § 841(a)(1) |
| | | 21 U.S.C. § 841(b)(1)(A) |
| | * | 21 U.S.C. § 841(b)(1)(B) |
| | | 21 U.S.C. § 841(b)(1)(C) |
| | * | 18 U.S.C. § 1001 |

\*   \*   \*

The Grand Jury charges that:

## COUNT 1
**(Conspiracy to Distribute and Possess with the Intent to Distribute Controlled Substances)**

Beginning on a date unknown but not later than February 3, 2023, and continuing through the date of this indictment, in the Eastern District of Louisiana, the defendant, **DEQUARIUS HAMLER**, did knowingly and intentionally combine, conspire, confederate, and agree with other persons known and unknown to the Grand Jury, to possess with the intent to distribute five hundred (500) grams or more of a mixture and substance containing a detectable amount of cocaine

___Fee_____
___Process_____
X  Dktd_____
___CtRmDep_____
___Doc.No._____

hydrochloride, a Schedule II drug controlled substance, and a quantity of marijuana, a Schedule I drug controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B), and 841 (b)(1)(C); all in violation of Title 21, United States Code, Section 846.

## COUNT 2
### (Distribution of Cocaine)

On or about February 6, 2023, in the Eastern District of Louisiana, the defendant, **DEQUARIUS HAMLER,** did knowingly and intentionally distribute a quantity of a mixture and substance containing a detectable amount of cocaine hydrochloride, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), and 841(b)(1)(C).

## COUNT 3
### (Distribution of Methamphetamine)

On or about March 16, 2023, in the Eastern District of Louisiana, the defendant, **DEQUARIUS HAMLER,** did knowingly and intentionally distribute 50 grams or more of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

## COUNT 4
### (Distribution of Cocaine)

On or about April 25, 2023, in the Eastern District of Louisiana, the defendant, **DEQUARIUS HAMLER,** did knowingly and intentionally distribute a quantity of a mixture and substance containing a detectable amount of cocaine hydrochloride, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), and 841(b)(1)(C).

## COUNT 5
### (False Statements)

**A. AT ALL TIMES MATERIAL HEREIN:**

### The Defendant, Relevant Entities, And Relevant Accounts

1. The defendant, **DEQUARIUS HAMLER** ("**HAMLER**"), was a resident of St. Helena Parish, Louisiana, within the Eastern District of Louisiana.

2. DEE'S Trucking, LLC ("DEE'S Trucking") was a Louisiana corporation formed in or around July 18, 2013. DEE'S Trucking purportedly operated as a trucking business. **HAMLER** was the registered agent and sole beneficial owner of DEE'S Trucking.

3. Lender 1 (Capital Plus Financial, LLC – Managed by Blueacorn) was a financial institution headquartered in Bedford, Texas.

4. Bank 1 (Capital One Bank) was a financial institution headquartered in McLean, Virginia, where its servers for electronic communications are also located. **HAMLER** maintained an account at Bank 1, account number ending in 4392 (the 4392 Account).

### The Small Business Administration

5. The United States Small Business Administration ("SBA") was an executive-branch agency of the United States government that provided support to entrepreneurs and small businesses. The mission of the SBA was to maintain and strengthen the nation's economy by enabling the establishment and viability of small businesses and by assisting in the economic recovery of communities after disasters.

6. As part of its efforts, the SBA provided business loans through banks, credit unions, and other lenders. Those loans had government backed guarantees.

7. The SBA maintained servers for electronic communications in Sterling, Virginia.

### The CARES Act and Paycheck Protection Program

8. The Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") was a federal law enacted in or about March 2020. The CARES Act provided emergency financial assistance to the millions of Americans suffering the economic effects of the COVID-19 pandemic. One source of relief provided by the CARES Act was the authorization of forgivable loans to small businesses for job retention and certain other expenses, through a program referred to as the Paycheck Protection Program ("PPP").

9. The PPP was overseen by the SBA, which had authority over all PPP loans. Individual PPP loans, however, were issued by approved private lenders, who received and processed PPP loan applications and supporting documentation and, following SBA approval, made loans using the lenders' own funds.

10. To obtain a PPP loan, a qualifying business had to submit a PPP loan application signed by an authorized representative of the business. The PPP loan application required the business, through its authorized representative, to acknowledge the program rules and to make affirmative certifications to be eligible for the PPP loan. For example, in the PPP loan application (SBA From 2483), the business, through its authorized representative, had to state its average monthly payroll expenses and number of employees. In addition, businesses had to provide documentation showing their payroll expenses, as part of the PPP loan application process. These figures were used to calculate the amount of money the small business was eligible to receive under the PPP.

11. Among the type of businesses eligible for a PPP loan were individuals who operated under a "sole proprietorship" business structure. In order to be eligible to receive such a PPP loan, individuals had to report and document their income and expenses from the sole proprietorship, as typically reported to the Internal Revenue Service ("IRS") on Form 1040, Schedule C, for a given year. The lending institution or loan processor used this information and documents to calculate the amount of money the individual was entitled to receive under PPP.

12. Once a qualifying business completed a PPP application, a participating lender processed the application. If a PPP loan was approved, the participating lender funded the PPP loan using its own monies, which the SBA guaranteed. In the course of processing the PPP loan, the lender transmitted data from the loan application to the SBA, including information about the borrower, the total amount of the loan, and the identified number of employees. Lender 1 and Lender 2 were participating lenders in the PPP.

13. Proceeds from a PPP loan were legally required to be used only for certain permissible business expenses, including payroll costs, mortgage interest, rent, and utilities. Under the applicable PPP rules and guidance, the interest and principal on the PPP loan was eligible for forgiveness, if the business spent the loan proceeds on permissible items within a designated period of time and used a certain portion of the loan toward payroll expenses.

**B.   THE OFFENSE:**

HAMLER PPP Loan

On or about March 26, 2021, in the Eastern District of Louisiana and elsewhere, the defendant, **DEQUARIUS HAMLER**, did knowingly and willfully make a materially false, fictitious, and fraudulent statement and representation in a matter within the jurisdiction of the

SBA, an agency within the executive branch of the United States, in that the defendant stated in his SBA Form 2483-C PPP Borrower Application to Capital Plus Financial, LLC that he earned approximately $93,625 in tax year 2019 as the sole proprietor of DEE'S Trucking; however, in truth and in fact, the defendant knew that he did not have any earnings in 2019 from DEE'S Trucking and that the tax year 2019 Internal Revenue Service Form 1040 Schedule C that he submitted in support of his alleged earnings was a false document, leading to his receipt of an SBA backed PPP loan of approximately $19,505, in violation of Title 18, United States Code, Section 1001.

## **NOTICE OF FORFEITURE**

1. The allegations of Counts 1 through 5 of this Indictment are incorporated by reference as though set forth fully herein for the purpose of alleging forfeiture to the United States.

2. As a result of the offenses alleged in Counts 1 through 4, the defendant, **DEQUARIUS HAMLER,** shall forfeit to the United States pursuant to Title 21, United States Code, Section 853, any property, constituting or derived from, any proceeds obtained, directly or indirectly, as the result of said offenses, and any property, used or intended to be used, in any manner or part, to commit or to facilitate the commission of said offenses.

3. If any of the above-described property, as a result of any act or omission of the defendant:

      a. cannot be located upon the exercise of due diligence;

      b. has been transferred or sold to, or deposited with, a third person;

      c. has been placed beyond the jurisdiction of the Court;

      d. has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be subdivided without difficulty;

the United States shall seek a money judgment and, pursuant to Title 21, United States Code, Section 853(p), forfeiture of any other property of the defendant up to the value of said property.



DUANE A. EVANS
UNITED STATES ATTORNEY

*/s/ Stuart Theriot*
STUART M. THERIOT
Assistant United States Attorney
La. Bar Roll No. 36952

New Orleans, Louisiana
November 30, 2023

FORM OBD-34

No. _____

# UNITED STATES DISTRICT COURT

Eastern _____ District of _____ Louisiana

_____ Criminal _____ Division

## THE UNITED STATES OF AMERICA

vs.

### DEQUARIUS HAMLER

## INDICTMENT

INDICTMENT FOR VIOLATIONS OF THE
FEDERAL CONTROLLED SUBSTANCES ACT AND
MAKING FALSE STATEMENTS

VIOLATIONS:  21 U.S.C. § 846, 21 U.S.C. § 841(a)(1),
21 U.S.C. § 841(b)(1)(A), 21 U.S.C. § 841(b)(1)(B),
21 U.S.C. § 841(b)(1)(C), 18 U.S.C. § 1001

A true bill:

_____
Foreperson

Filed in open court this _____ day of _____ A.D. 2023.

_____
Clerk

Bail, $ _____

_____
Stuart M. Theriot
Assistant United States Attorney